# Kaufman
# Lieb
# Lebowitz &
# Frick
attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

August 30, 2021

**Via ECF**

Hon. Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *Cianciotto v. N.Y.C. Dep't of Educ., et al.*, No. 21 Civ. 05596

Dear Judge Engelmayer:

     We represent Plaintiff Jason Cianciotto, on behalf of his minor son, D.S. We write to request that the Court so-order Plaintiff's Proposed Case Management Plan and Scheduling Order, attached hereto as Exhibit A.

     In light of Defendants' express agreement to conduct a prompt Rule 26(f) conference in exchange for Plaintiff's consent to extend their answer deadline, *see* ECF No. 24, the parties conferred on August 27. During the conference, defense counsel informed us that, although they have not moved for a stay, Defendants oppose the commencement of any discovery in this case pending their forthcoming motion to dismiss. Plaintiffs respectfully submit that discovery should proceed.

     "Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (alteration omitted). Rather, Defendants must show that the breadth of discovery sought, the prejudice that would result, and the strength of their motion militate in favor of a stay. *Id.* To justify a stay pending a motion to dismiss, a defendant typically must make "a strong showing that the plaintiff's claim is unmeritorious." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (internal quotation marks omitted). Here, by contrast, Defendants' motion will be frivolous for the reasons articulated in Plaintiff's previous letter, ECF No. 27. Moreover, further delay will prejudice Plaintiff's ability to prove up his claims. *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying stay based in part on "the risk of witnesses' memories further fading with time."). Finally, the discovery Plaintiff will seek likely coincides significantly with information that DOE is required to provide outside the litigation discovery process anyway, rendering any burden that discovery would impose on Defendants immaterial. *See, e.g.*, 20 U.S.C.A. § 1232g(a)(1)(A) (granting parents the "right to inspect and review the education records of their children"); N.Y. Educ. L. § 13(1)(k) (requiring disclosure of school anti-bullying policies to parents).

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick* • Adam Strychaluk (Associate)

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

Kaufman Lieb Lebowitz & Frick                                    August 30, 2021
Page 2 of 2

    Plaintiff seeks to commence discovery immediately, and there is no basis to grant a stay. As such, we respectfully request that the Court so-order Plaintiff's attached Proposed Case Management Plan and Scheduling Order.

    We thank the Court for its time and attention to this matter.

                                      Respectfully Submitted,

                                      /s/ Alanna Kaufman

                                      Alanna Kaufman
                                      David A. Lebowitz

                                      *Attorneys for Plaintiff*

CC. All Counsel of Record (via ECF)

---

The Court has received plaintiff's letter and the proposed case management plan. The Court will take up the appropriate case management plan with counsel during the initial pretrial conference for this case, which will be scheduled promptly after defendants file a motion to dismiss, *see* Dkt. 26 at 2, or an answer.

SO ORDERED.

                           *Paul A. Engelmayer*
                           _____
                           PAUL A. ENGELMAYER
                           United States District Judge
                           09/01/21