UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CIANCIOTTO, on behalf of his minor son, D.S., | |
| Plaintiff, | No. 21 Civ. 05596 (PAE) |
| -against- | **CONFIDENTIALITY ORDER** |
| NEW YORK CITY DEPARTMENT OF EDUCATION; BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK; BRIDGET EDWARDS; ERIKKA SHARPE; PETER BLOCH; ERIN LALOR; ALEXANDER ANGUEIRA; and CYNTHIA KERNS, | |
| Defendants. | |

## STIPULATED ORDER REGARDING CONFIDENTIAL MATERIALS

**WHEREAS,** Plaintiff Jason Cianciotto, on behalf of his minor son, D.S., ("Plaintiff") and Defendants the New York City Department of Education, Board of Education of the City School District of the City of New York, Bridget Edwards, Erikka Sharpe, Peter Bloch, Erin Lalor, Alexandra Angueira, and Cynthia Kerns ("Defendants," collectively with Plaintiff, the "Parties") anticipate producing certain documents in discovery in this action documents that they deem confidential, proprietary, or otherwise sensitive;

**WHEREAS,** discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, this Protective Order is intended to allow the Parties to designate material as confidential, and to limit the use and re-disclosure of those documents or that information;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendants, as follows:

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendants, captioned <u>Cianciotto v. New York City Department of Education, et al.</u>, 21 Civ. 5596 (PAE).

2. The term "document" shall have the meaning set forth in Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure.

3. The term "Producing Party" shall mean the parties to this action and any third parties producing "Confidential Materials" in connection with depositions, document production, or otherwise.

4. The term "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Materials" in connection with depositions, document production, or otherwise.

5. Without waiving the right to later objections or withholding documents, "Confidential Materials" shall mean the following documents or information, whether or not embodied in any physical or electronic medium, and whether communicated in written form, by oral transmission, or otherwise:

   a. Contact information of non-parties to this action;
   b. School and medical records (including therapy records) pertaining to D.S.;
   c. Documents concerning D.S.'s disabilities or Individual Education Plan;

   d. Documents reflecting or containing complaints about bullying made by students other than D.S.;

   e. The New York City Department of Education employee files of the individual Defendants;

   f. Any other document that a party reasonably believes should be marked "Confidential" to protect the privacy interests of a party or non-party, and which is marked "Confidential" pursuant to paragraph 6 or 7 below and not challenged pursuant to paragraph 10 below;

   g. Documents ordered by the Court to be Confidential under this Agreement.

6. Except as provided in paragraph 7, to obtain the confidentiality protections conferred by this Agreement a party must designate Confidential Materials, including those meeting the criteria of paragraph 5(a)-(e), using clear notation of "Confidential" on the document in a manner so as not to interfere with the legibility thereof, or, only if that is not feasible, may designate such documents by title or Bates number, in a writing directed to the Receiving Party's attorneys.

7. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated

transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

8. The documents and information defined and/or designated as Confidential Materials pursuant to paragraphs 5-7 shall not be deemed Confidential Materials to the extent that they are: (a) obtained or separately obtained by a party from non-party sources, or (b) are otherwise publicly available.

9. The parties' attorneys shall not use Confidential Materials produced by another party for any purpose other than for the preparation, settlement, or presentation of their case in this Action, and shall not produce or disclose Confidential Material to any third-party, except pursuant to the terms of paragraph 11 below. Nothing in this Protective Order shall limit a party's ability to use, for any purpose outside of this Action, documents that party has produced or deposition testimony that party alone has designated as Confidential Materials.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices.

11. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Materials shall not be furnished, shown, or disclosed to any person or entity except to:

   a. The named Parties, and personnel of the Parties engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. Courter Simmons;

   c. Counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff);

   d. Any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

   e. The Court and court personnel;

   f. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

   g. Deposition or trial witnesses or persons contacted by a party based on a good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor;

   h. An expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this action (including consulting experts); and

   i. any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraph 8 of this Protective Order.

12. Before any disclosure is made to any person pursuant to sections (f)-(h) above, the Receiving Party's attorney shall provide each such person with a copy

of this Stipulation and Protective Order and advise such person that, pursuant to this Protective Order, he or she may not divulge Confidential Material to any other individual or entity, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing party upon request and before any person to whom such Confidential Material is disclosed is permitted to testify (at deposition or trial). Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants prior to the appropriate time for identification of such experts and/or consultants under any applicable discovery schedule.

13. If any Party seeks to file papers with the Court that he or she believes incorporates Confidential Material or reveals the contents thereof, that Party shall notify all counsel in writing as far in advance of the anticipated filing as reasonably practicable. Any Party who believes that the anticipated filing should be redacted shall follow the procedure set forth in Part 4(B)(2) of Judge Engelmayer's Individual Rules and Practices in Civil Cases. In the interim, to the extent necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of Civil Procedure, the filing party who seeks to include Confidential Materials in papers to be filed in Court shall provide a complete and unredacted version thereof directly to the judges' chambers and opposing counsel and not cause them to be publicly filed with the Court until after the motion to seal has been decided or the parties agree that the materials can be publicly filed.

14. Inadvertent production of any document or information which is

privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Upon receiving reasonable notice from the Producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly unless challenged pursuant to paragraph 10 of this Agreement.

15. Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Materials, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Materials from disclosure.

16. Nothing in this Protective Order will prevent the Parties from producing any Confidential Materials in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that notice is given to the opposing Parties' counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if it chooses to do so.

17. This Protective Order shall be without prejudice to the right of the disclosing Party to oppose production of any document or information on any and all grounds other than confidentiality.

18. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Materials produced or designated and all reproductions thereof, shall be returned to the Producing Party's attorneys or destroyed. Notwithstanding anything to the contrary, the Receiving Party's attorney may retain documents constituting work product, including pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of the Confidential Materials for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

19. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph "11" subsection (b) herein, for any purpose without prior Court approval.

20. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

21. This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

SO STIPULATED AND AGREED.

_____
By David Lebowitz
Attorney for Plaintiff

Dated: February 24, 2022
New York, New York

_____
By Copatrick Thomas
Attorney for Defendants

SO ORDERED.

_____
Hon. Paul A. Engelmayer
United States District Judge